UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RAYSHAWN L. WOODS #26271-075, | ) |
| --- | --- |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 3:23-cv-00048 |
| | ) Judge Trauger |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

Rayshawn Woods filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court. *See United States v. Woods*, No. 3:18-cr-00154, Doc. No. 50 (M.D. Tenn. Oct. 22, 2020) [hereinafter cited as "Crim. Doc. No. ___"]. The court must review "the motion, any attached exhibits, and the record of prior proceedings" to determine if it "plainly appears" that the movant "is not entitled to relief." *See* Section 2255 Rule 4(b). For the following reasons, the motion appears to be untimely and not subject to an equitable exception to the statute of limitations. Accordingly, the movant must follow the instructions in this order to show cause in writing why this case should not be dismissed.

**I.    Background**

The movant pleaded guilty to being a felon in possession of a firearm and possessing a firearm in furtherance of a drug trafficking crime. (Crim. Doc. No. 39.) His plea was pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Crim. Doc. No. 40.) At the sentencing hearing, the court accepted the plea agreement and imposed a total sentence of 90 months, to run concurrently with two pending and undischarged state sentences. (Crim. Doc. No. 50 at 1–2.) The court entered judgment on October 22, 2020. (*Id.* at 1.) The movant did not appeal.

**II.     Analysis**

A one-year statute of limitations applies to Section 2255 motions. 28 U.S.C. § 2255(f). The clock for this one-year period starts running from the latest of four dates, one of which is relevant here—"the date on which the judgment of conviction becomes final." *Id.* § 2244(f)(1). The court entered judgment on October 22, 2020, and the movant did not appeal, so his conviction became final when the appeal deadline expired 14 days later. *See* Fed. R. App. P. 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir. 2004). That was on November 5, 2020. The limitations period started running the next day. *See* Fed. R. Civ. P. 6(a)(1)(A). That puts the filing deadline for the movant's Section 2255 motion on November 6, 2021. The court deems the Section 2255 motion filed on January 5, 2023, the date the movant declares under penalty of perjury that he gave it to prison officials for mailing. *See Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002). Accordingly, the motion is untimely by about fourteen months.

There are two equitable exceptions to the statute of limitations: equitable tolling and actual innocence. *See Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (equitable tolling); *Falkowski v. United States*, No. 21-6111, 2022 WL 1659297, at *3 (6th Cir. May 11, 2022) (actual innocence). Both exceptions are applied sparingly, and a movant bears the burden of demonstrating an entitlement to the exception. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (equitable tolling); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (actual innocence). For equitable tolling, a movant must "establish: (1) that he has diligently pursued his rights; and (2) 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Keeling*, 673 F.3d at 462 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). And for actual innocence, a movant must present previously unavailable evidence to establish "that it is

more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, the movant did not acknowledge the untimeliness of his Section 2255 motion, so he has not attempted to carry his burden of showing that either equitable exception applies. And to the extent that the movant was mistaken about his deadline to file a Section 2255 motion, it is well-established that "pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse [a] late filing." *Keeling*, 673 F.3d at 464 (citations omitted). Rather than dismiss the case outright, however, the court will give the movant an opportunity to respond to this analysis. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (permitting timeliness rulings after parties have notice and an opportunity to present positions).

### III. Instructions to the Movant

The movant **MUST** respond to this order in writing to show cause why his Section 2255 motion should not be dismissed as untimely. The movant's response must be filed within **30 DAYS** of the date this order is entered on the docket and include the assigned case number, **3:23-cv-00048**. The movant may request more time to respond before the deadline expires, if necessary. To file in person or by mail, the court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

Failure to follow these instructions or inform the court of any change in address may result in dismissal of this case without further order. Fed. R. Civ. P. 41(b).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge