UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RAYSHAWN L. WOODS #26271-075, | ) |
| --- | --- |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 3:23-cv-00048 |
| | ) Judge Trauger |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Rayshawn Woods filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court. *See* Case No. 3:18-cr-00154, Doc. No. 50 (M.D. Tenn. Oct. 22, 2020) [cited here as "Crim. Doc. No. __"]. The court made a preliminary ruling that the Section 2255 motion appears to be untimely. (Doc. No. 5.) The movant responded to this analysis (Doc. No. 7), so the timeliness issue is ripe for review. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). And as explained below, this case will be dismissed as untimely.

The movant does not take issue with the conclusion that his Section 2255 motion is untimely by about fourteen months, but instead offers two reasons to look past this procedural barrier. As the court explained before (*see* Doc. No. 5 at 2–3), there are two equitable exceptions to the statute of limitations: equitable tolling and actual innocence. *See Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (equitable tolling); *Falkowski v. United States*, No. 21-6111, 2022 WL 1659297, at *3 (6th Cir. May 11, 2022) (actual innocence). The actual-innocence exception does not apply here, as the petitioner does not attempt to offer any new evidence of his innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (explaining that this exception requires a movant to "show that it is more likely than not that no reasonable juror would have

convicted him in the light of the new evidence" (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))). So the only potential exception that could apply is equitable tolling.

For equitable tolling to apply, a movant must "establish: (1) that he has diligently pursued his rights; and (2) 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). This exception is applied sparingly, and a movant bears the burden of demonstrating an entitlement to it. *See id.*

First, the movant attributes his late filing to bad advice from his criminal counsel. Specifically, the movant alleges that counsel led him to believe that he waived his right to file a Section 2255 motion when he pleaded guilty. (Doc. No. 7 at 1.) But the movant's plea agreement, which he signed to verify that he carefully reviewed and understood it (Crim. Doc. No. 40 at 12), had a "Waiver of Appellate Rights" section that reserved certain appeal rights for certain claims. (*See id.* at 10–11 ("[N]o waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.").) So the plain language of the movant's plea agreement permitted him to file a Section 2255 motion in some circumstances. And even if the movant received deficient advice, it is generally the case that "a lawyer's mistake is not a valid basis for equitable tolling." *Russell v. United States*, No. 3:13-CV-655, 2014 WL 3400973, at *2 (E.D. Tenn. July 10, 2014) (quoting *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003)). The movant, therefore, is not entitled to equitable tolling on this basis.

Second, the movant alleges that he has had good behavior in federal prison and that he has children who need him at home. (Doc. No. 7 at 1–2.) The court commends the movant on his alleged good behavior, and it certainly understands his desire to be there for his children. But these

circumstances simply have no bearing on an equitable-tolling analysis; they are not extraordinary, they had no impact on the movant's ability to file a Section 2255 motion in a timely manner, and they do not show that the movant diligently pursued his rights. *See Mann v. United States*, No. 21-1747, 2023 WL 3479402, at *2 (6th Cir. May 16, 2023) ("[E]xtraordinary circumstances by themselves do not merit tolling. Rather, a petitioner must show that the circumstances actually caused him to miss the deadline." (citations omitted)).

For these reasons, and the reasons stated in the court's prior Memorandum and Order (Doc. No. 5), the Section 2255 motion is untimely and not subject to an equitable exception to the statute of limitations. Accordingly, the Section 2255 motion is **DENIED,** and this case is **DISMISSED**.

At this point, the court must grant or deny a certificate of appealability (COA). A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a Section 2255 motion is denied on procedural grounds, the movant "must show 'at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Waugh v. United States*, No. 18-6016, 2019 WL 4844477, at *1 (6th Cir. Jan. 4, 2019) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would agree that this case is barred by the statute of limitations, so the court **DENIES** a COA. If the petitioner files a notice of appeal in this court, however, he may seek a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge